# Campbell et al. v. Dixon.

November 9, 1948.

Napier & Napier for appellants.

D. G. Boleyn for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal is from a judgment setting aside a deed dated April 8, 1931, from the appellant, Cebra Back, to his wife, Cinda Back, and also one to the same property from Cebra Back and Cinda Back to their daughter, Heidi Back Campbell, dated November 28, 1941. The consideration in each deed was $1 and other valuable consideration. The last deed was recorded in December, 1941, while the former was not recorded until February, 1942. In urging reversal the appellants contend the evidence failed to show that the conveyances under attack were made fraudulently.

The evidence relates primarily to transactions between Mr. and Mrs. Cebra Back and some of their near relatives. Cebra Back became indebted to his mother-in-law, Tina Back, in the sum of $600 in 1926. It appears also that he was indebted to John Hampton in the sum of $1000 at about that time. The property in question came into Cebra Back's hands from his parents in 1928. The appellants sought to show that Cinda Back had accumulated money by running a boarding house and had helped her husband purchase a home in Vicco, and in return for that assistance he conveyed the land to her in 1931. In August, 1941, some three months before the execution of the deed to Heidi Back Campbell, Tina Back brought suit on the $600 note against Cebra Back.

Judgment was rendered in that action in favor of Tina Back in January, 1943, and, in the following August, Cebra Back filed a voluntary petition in bankruptcy. The action now before us was filed by the trustee in bankruptcy in February, 1944.

As pointed out, we are concerned primarily with transactions between near relatives. In the case of Pope v. Cawood, 293 Ky. 660, 170 S. W. 2d 55, it was held that the burden is on the grantee to show the bona fides where there is a charge of fraud in transactions between relatives. While the property in question was acquired after the execution of the $600 note to Tina Back, the deed from Cebra and Cinda to their daughter was not executed until after suit was brought on that note, and it was still later that the deed from Cebra Back to his wife, which was executed in 1931, was recorded. It is significant also that Cebra Back owned no property other than that involved in this litigation, and that Heidi Back Campbell knew of the litigation between her parents and her grandparents.

Reference is made by the appellants to the length of time which the $600 note ran before suit was brought on it by Tina Back, and also to the friendly and confidential relations existing between the Backs prior to the filing of the suit in August, 1941. It is insisted further that Tina Back and her husband knew of the conveyances now under attack and never questioned them until litigation arose. These were questions of fact, however, to be weighed by the chancellor just as he was called upon to weigh the evidence offered by the appellee relative to the execution and recordation of the deeds; and also that relating to the litigation against Cebra Back, his insolvency and the conveyance of all his property subject to execution to his near relatives. We are not prepared to say the chancellor erred in his conclusion.

Judgment affirmed.